# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HAKIM Q. NASEER,

        Plaintiff,

v.                                     Case No. 08-C-941

ADAM GEGARE, CAPTAIN SLAYTON,
SERGEANT RICK VISOR,
OFFICER GEORGE BOULAMATSIS,
SERGEANT THOMAS FORTMANN,
SERGEANT JASON HEMER,
OFFICER ARTHUR STRACK,
and SERGEANT ROGER CALLEWAERT,

        Defendants.

## ORDER

Plaintiff, Hakim Naseer, who is incarcerated at the Wisconsin Secure Program Facility, is proceeding *pro se* under 42 U.S.C. § 1983, on a claim that, on January 19, 2008, the defendants subjected him to cruel and unusual punishment that violated the Eighth Amendment. After United States District Judge Rudolph T. Randa permitted Naseer to proceed *in forma pauperis*, the case was reassigned to this court on September 1, 2009. This matter now comes before the court on the defendants' two motions to stay the proceedings and reschedule the dispositive motions deadline, the plaintiff's two motions for sanctions, the plaintiff's motion to amend or correct the complaint, and the plaintiff's motion to appoint counsel.

## MOTIONS TO STAY AND FOR SANCTIONS

On August 5, 2009, the defendants filed a motion to stay these proceedings on the grounds that Naseer is charged with one felony and one misdemeanor, in Racine County Case No. 2008CF1272, for allegedly throwing bodily fluids on a correctional officer on January 19, 2008. Defense counsel attests that these "alleged actions by Naseer led to the cell entry and subsequent removal of Naseer from his cell which are the subject of the pending civil complaint before this court." (August 5, 2009, Affidavit of Atty. Burkert-Brist, at ¶ 3-4.) Attached to counsel's affidavit is a copy of the Wisconsin Circuit Court Access record in Racine County Case No. 2008CF1272, generated on August 4, 2009, and reflecting an offense date of January 19, 2008. (Exhibit A, Document 63-1 at 1.)

In response, on August 11, 2009, Naseer filed a motion for sanctions, stating that defense counsel committed perjury. Attached to the motion is a Racine Sheriff Incident Report regarding an incident in which Naseer allegedly spit on a correctional officer on May 10, 2008, and noting that charges were previously recommended for a similar incident that occurred in January 2008. (Document 66-2 at 2.) In a supporting brief filed on August 20, 2009, Naseer asserts that he has "already been sentenced on all and any criminal conduct [he] displayed during the events on January 19, 2008." (Document 67 at 1.) Attached to the brief is a copy of a criminal complaint in Racine County Case No. 2008CF1717, charging Naseer with disorderly

-2-

conduct and violating laws governing state or county institutions on January 19, 2008.

After this matter was transferred to this court, the defendants filed a renewed motion to stay on September 14, 2009. Naseer then filed another motion for sanctions on September 23, 2009. In response, on October 7, 2009, defense counsel filed an affidavit affirming that her motions to stay are based upon Racine County Case No. 2008CF1272, and inviting the court to:

> make its own judgment based upon the State's circuit court access system. As of today's date, the case is set over once again until October 23, 2009 for a status conference on that date. It is clear from the circuit court's access system that the date of the offense charged is the same date of the alleged incidents in this civil lawsuit.

(October 7, 2009, Affidavit of Atty. Burkert-Brist, at ¶ 2-3.)

The parties dispute whether there is still a state criminal charge pending against Naseer related to the events of January 19, 2008. The court's review of the online records available through the Wisconsin Circuit Court Access (WCCA) program indicate that the only state criminal charge currently pending against Naseer is Racine County Case No. 2008CF1272. The defendants submitted a copy of the Wisconsin Circuit Court Access record in Racine County Case No. 2008CF1272, generated on August 4, 2009, which reflects an offense date of January 19, 2008, for that case. (Exhibit A, Document 63-1 at 1.) However, the online records accessed by the court on October 13, 2009, reflect that the offense date for Racine County Case No. 2008CF1272 is May 10, 2008. Those records also

-3-

Case 2:08-cv-00941-JPS   Filed 10/29/09   Page 3 of 7   Document 80

further confirm Naseer's assertion that he has already pled guilty to disorderly conduct for the events of January 19, 2008, in Racine County Case No. 2008CF1717. As a result, it appears that there is no basis for the defendants' motions to stay this case, as the criminal charges related to the events of January 19, 2008 were resolved with a guilty plea on September 29, 2008, and the currently pending criminal case relates to a separate incident on May 10, 2008. Accordingly, the defendants' motions to stay will be denied. The court will extend the discovery deadline until November 27, 2009 and the dispositive motion deadline until December 28, 2009.

Naseer seeks unspecified sanctions for defense counsel's error, asking that the court "order the attorney for defendants to pay whatever is deemed appropriate to the plaintiff . . . ." It appears that counsel relied on a Wisconsin Circuit Court Access record for Racine County Case No. 2008CF1272 that contained an erroneous offense date. The court is concerned that Naseer's allegations of error did not prompt defense counsel to re-examine Naseer's record. However, there is no indication that counsel maliciously fabricated documents, as Naseer alleges. Rather, it appears that counsel was led astray by an error in the online records, which has apparently been subsequently corrected. The court declines to order monetary sanctions for counsel's mistake.

## MOTION TO AMEND THE COMPLAINT

On August 25, 2009, Naseer filed a motion to amend his complaint. Federal Rule of Civil Procedure 15(a)(2) provides that after a plaintiff has been served with a responsive pleading, a complaint may be amended only with the written consent of the opposing party or if the court provides leave to amend. The rule further states that the "court should freely give leave when justice so requires." The plaintiff was served with the defendants' answer to the complaint on March 13, 2009. The defendants have not consented to Naseer's amended complaint, and the court does not believe justice requires the proposed amendment. Naseer's original complaint alleges that he was placed in a cell without any bedding or clothing for five hours, but he states that he has discovered that he actually spent more than ten hours in those conditions. Naseer's proposed amendment is unnecessary, as Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim," and "[s]pecific facts are not necessary" in a complaint. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Naseer may present evidence regarding the duration of his confinement by testimony at trial or by affidavit at summary judgment, but he need not amend his complaint to modify this information, which does not alter the nature of his claim against the defendants.

## MOTION TO APPOINT COUNSEL

On August 25, 2009, Naseer filed a motion to appoint counsel, stating that despite "outstanding writing skills" he lacks social skills and believes that his mental

-5-

illness will distract him from properly cross-examining witnesses at jury trial. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). While the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether the plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. *Id*. at 654-55. Naseer has documented two unsuccessful attempts to obtain legal counsel, so the court will consider the question of "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty." *Id*. at 655. Naseer claims "exceptional writing skills," and has filed numerous motions in this case that are literate and supported by relevant exhibits and citations. At this point in the proceedings, it appears that he is competent to litigate his own claim that the defendants subjected him to cruel and unusual punishment by depriving him of clothing for several hours, escorting him naked across a glass-covered floor, and spreading his buttocks in front of other inmates. This claim does not seem unusually complicated and it is not clear that expert testimony will be required. If the case survives summary judgment and is set for trial, the court may revisit the issue of whether Naseer's mental illness and self-described lack of social skills means that counsel is required in order to properly present his claims to a jury.

Accordingly,

**IT IS ORDERED** that the defendants' motions to stay proceedings (Docket #62 and Docket #71) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motions for sanctions (Docket #66 and Docket #75) be and the same are hereby **DENIED** without prejudice;

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend the complaint (Docket #68) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #69) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** the scheduling order in this case shall be modified to provide that all **discovery** shall be completed **on or before November 27, 2009**, and all **dispositive motions** shall be filed **on or before December 28, 2009.**

Dated at Milwaukee, Wisconsin, this 29th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge